# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 4, 2001

## GREGORY L. HOLLINGSWORTH v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Madison County
### No. C-00-176    Joe C. Morris, Judge

---

### No. W2000-01993-CCA-R3-PC - Filed January 16, 2002

---

On May 3, 1999, the Defendant, Gregory L. Hollingsworth, pled guilty to aggravated assault, vehicular assault, driving after being declared an habitual motor vehicle offender, and two counts of criminal impersonation. The convictions were obtained in Madison County, Tennessee. The Defendant apparently did not appeal, but filed pro se for post-conviction relief in Carter County, Tennessee, where he was incarcerated. The trial court summarily dismissed the petition for improper venue. The Defendant refiled his petition on May 25, 2000, in Madison County, Tennessee. The trial court summarily dismissed the petition as barred by the one year statute of limitations. The Defendant now appeals. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J. and DAVID G. HAYES, J., joined.

Pamela Drewery-Rodgers, Selmer, Tennessee, for the appellant, Gregory Hollingsworth.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Jerry Woodall, Assistant District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant's sole contention in this appeal is that he filed his petition timely because he delivered his petition into the custody of prison officials prior to the expiration of the one year statute of limitations.[1] See Tenn. Sup. Ct. R. 28 § 2(G) (1999) ("A post-conviction petition filed by a pro

---

[1] See Tenn. Code Ann. § 40-30-202(a).

se petitioner who is incarcerated is filed when it is received by the appropriate prison authorities for mailing.")[2]  This contention is wholly without merit.

The Defendant's petition, although timely filed in the Criminal Court for Carter County, was initially dismissed by order of that court for improper venue.  The order was entered on May 3, 2000, and the certificate of service indicates that a copy of the order was mailed to the Defendant on May 8, 2000.  The Defendant subsequently refiled his petition in Madison County, and the date stamped on the face of the petition indicates that it was filed on May 25, 2000.  There is nothing in the record to indicate when the Defendant delivered the petition to prison authorities for refiling in Madison County.  However, the one year statute of limitations expired on May 3, 2000, one year from the date of the judgment of conviction.[3]  See James Richard Romine v. State, No. 01C01-9805-CC-00211, 1999 WL 447319, at *1 (Tenn. Crim. App., Nashville, July 1, 1999) ("Upon [the petitioner] waiving his right to appeal on the day of his guilty plea, the judgment became final, and the statute of limitations began to run.")  The Defendant's petition was not initially dismissed until that date, and he did not get notice of the dismissal until May 8, 2000.  Thus, the Defendant could not have refiled his petition in the proper county until after the statute of limitations had run.

The petition was initially filed timely; however, it was filed in the wrong county and therefore properly dismissed.  See Tenn. Code Ann. § 40-30-206(b).  The petition was subsequently filed in the proper county, but outside of the statute of limitations.  The petition was therefore properly dismissed.  See id.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

---

[2] This Rule was amended on November 2, 1999, after the time relevant to this appeal.

[3] The Defendant's petition for post-conviction relief designates May 3, 1999, as the date of judgment of conviction.